MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Plaintiff, *v.* FRANCES R. PETLUCK, Defendant.

Supreme Court, Special Term, Westchester County, February 11, 1946.

*Archie M. Hertz* for defendant.

*Henry W. Parker* for plaintiff.

COYNE, J. This is an application for relief pursuant to section 700 of the Soldiers' and Sailors' Civil Relief Act, as added October 6, 1942 (U. S. Code, tit. 50, Appendix, § 590). The application is made by the defendant wife as a dependent of Charles A. Petluck, a disabled veteran, honorably discharged from the United States Navy on July 31, 1945. Mr. Petluck allegedly is the real owner of the property underlying the mortgage under consideration. The application is made within the six-month statutory period after termination of service, and seeks a stay of the enforcement of the obligation upon the payment of certain prescribed amounts. The question as to whether or not applicant's ability to comply with the terms of the obligation was materially affected by reason of military service has been determined favorably to the applicant by Mr. Justice ALDRICH in his decision granting a stay during the period of military service. The propriety of this determination is not subject to review in the present proceeding.

Upon the facts presented, the court is satisfied that its discretionary power should be exercised so as to permit an installment liquidation of the obligation. The motion is granted to the extent of directing a stay of the enforcement of the bond and mortgage and extension thereof, upon condition that the defendant and Charles A. Petluck, their heirs, successors and assigns, make the following payments: (1) In quarter-annual installments of amortization over a period of thirty-four months, in payment of the interest arrears; (2) in quarter-annual payments of the current interest as the same accrues, at the rate, and upon the interest dates, set forth in the bond and mortgage and extension agreement; (3) in quarter-annual payments of principal at the statutory amortization rate; (4) of taxes as the same accrue in accordance with the terms of the bond and mortgage and extension agreement. Upon the satisfaction of all arrears under the obligation, the parties shall be deemed restored to a normal status. Defendant shall pay plaintiff's actual disbursements in the foreclosure action, but no costs shall be allowed. Settle order in accordance with the foregoing upon five days' notice.